George URE

v.

The CHARIHO SCHOOL COMMITTEE.

No. 96–0327–A.

Supreme Court of Rhode Island.

Dec. 15, 1997.

Robert J. Healey, Jr., Warren.

John Earle, Warwick.

## ORDER

This case came before the Supreme Court on December 3, 1997, pursuant to an order directing both parties to appear and show cause why the issues raised by this appeal should not be summarily decided. The plaintiff, George Ure, appeals from a Superior Court order denying his request for the issuance of a writ of mandamus requiring the defendant, Chariho School Committee, to call a special meeting.

After reviewing the memoranda submitted by the parties, and after hearing their counsel in oral argument, the court is of the opinion that cause has not been shown, and this case will be decided at this time.

During the fall of 1995, the Chariho School Committee faced a grave budgetary crisis. At that time, the school committee determined that an additional one million dollars was needed to avoid incurring an operational deficit. On December 7, 1995, a special meeting of the district voters approved an increase in the annual budget in the total amount of $1,036,080.00. This financial burden was to be shared by the towns of Charlestown, Richmond, and Hopkinton.

After the increase was approved, both Charlestown and Richmond appropriated the necessary monies in order to support their proportional shares of the new school budget. Hopkinton, however, refused to appropriate its apportioned share. On March 11, 1996, the Superior Court issued a writ of mandamus compelling the town of Hopkinton to pay its share of the increased school budget. Hopkinton complied and paid the necessary amount.

On that same day, however, the plaintiff presented a voter petition with over 200 certified signatures which requested the calling of a special meeting of the district's voters in order to reduce the school's budget by $1,036,080.00, the same amount by which it had previously been increased. After receiving the plaintiff's petition, the school committee sought declaratory relief from the Superior Court as to whether or not it must convene the requested special meeting. The Superior Court refused to issue the requested relief.

The plaintiff then instituted the present mandamus action whereby he sought to compel the school committee to convene the requested special meeting. He asserts that such a meeting was mandated by Section 9 of The Chariho Act which states,

"Special meetings may be called ... by a petition signed by two hundred (200) qualified voters of said district qualified to vote on the question of the imposition of a tax for the expenditure of money in their respective towns when such petition contains the purpose or purposes for which such special meeting is to be called ..." P.L. 1958, ch. 55, § 9, as amended by P.L.1986, ch. 286, § 2.

The plaintiff's request for mandamus relief was denied by an order of the Superior Court on June 11, 1996. On appeal, the plaintiff contends that the Superior Court erred in denying his request for mandamus relief. We disagree.

It would have been clear error for the Superior Court trial justice to have issued the requested writ of mandamus requiring the school committee to convene the special meeting. The purpose of the requested special meeting would have been to eliminate the previously approved school budget appropriations. This reduction was designed to obviate a final judgment and order of the Superior Court directing the Town of Hopkinton to pay its apportioned share of the school district's budget. That Superior Court judgment was necessary to the lawful operation of the school district and allowed the school district to meet its statutory and contractual obligations. Any meeting convened to circumvent this judgment of the Superior Court could not serve a lawful purpose.

For the reasons stated above, the plaintiff's appeal is denied and dismissed. The order appealed from is affirmed, and the

papers in this case are remanded to the Superior Court.